Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdaltonlaw.com
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFF

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA
## SAN DIEGO DIVISION

| | | |
|---|---|---|
| **JUSTIN C. GANOE** | § | **CIVIL ACTION NO:** |
| | § | |
| *Plaintiff* | § | |
| **v.** | § | |
| | § | **'21 CV 1494 L    DEB** |
| | § | |
| **REV RECREATION GROUP, INC.;** | § | |
| **HOLLAND MOTOR HOMES; AND** | § | |
| **BANK OF AMERICA,** | § | |
| **NATIONAL ASSOCIATION** | § | |
| | § | |
| | § | |
| *Defendants* | § | **JURY TRIAL REQUESTED** |

## COMPLAINT

### I.    Parties

1.    Plaintiff, JUSTIN C GANOE, is an individual that are now and have been at all times a citizen of the State of California.

2.    Defendant, REV RECREATION GROUP, INC., hereinafter "REV GROUP," is an Indiana corporation with its principal place of business in Indiana and is a citizen of the State of Indiana.  REV GROUP and is a warrantor of a vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

-1-

REV GROUP's agent for service of process is C T Corporation System, 150 West Market Street, Suite 800, Indianapolis, Indiana 46204.

3.       Defendant, HOLLAND MOTOR HOMES, hereinafter "HOLLAND," is a California company and a citizen of the State of California. HOLLAND and is the seller of a vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

HOLLAND's agent for service of process is 501 West Broadway, Ste 1450, San Diego CA 92101.

4.       Defendant, BANK OF AMERICA, NATIONAL ASSOCIATION, hereinafter "BANK OF AMERICA," is a North Carolina financial institution and citizen of North Carolina and is authorized to do and doing business in the State of California whose agent for service of process is CT Corporation System, 330 N Brand Blvd., Glendale CA.

## II.    Jurisdiction

5.       This court has jurisdiction over this lawsuit because the suit arises under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d).

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III.   Venue

6.       Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant, HOLLAND, is located in San Diego County, California and subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

-2-

### IV.    Conditions Precedent

7.    All conditions precedents have been performed or have occurred.

### V.    Facts

#### A.    The Transaction

8.    On or about May 22, 2021, Plaintiff purchased a new 2021 FLEETWOOD FLAIR 28A bearing VIN: 1F64F5DN9M0A02132, hereinafter "FLAIR," from HOLLAND.

The "FLAIR" was purchased primarily for Plaintiff' personal use. The sales contract was presented to Plaintiff at the dealership and was executed at the dealership.

9.    The sales price of the FLAIR was $144,723.30. Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law.   See *__Hughes v. Segal Enterprises, Inc.__*, **627 F. Supp. 1231, 1238 (W.D. Ark. 1986); *__Chariton Vet Supply, Inc. v. Moberly Motors Co.__*, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

10.    The contract of sale was assigned to Defendant, BANK OF AMERICA. The contract which was assigned contained the following provision:

> **"NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."**

#### B.    Implied Warranties

11.    As a result of the sale of the FLAIR by Defendants to Plaintiff, an implied warranty

-3-

of merchantability arose in the transaction which included the guarantee that the FLAIR would pass without objection in the trade under the contract description, and that the FLAIR was fit for the ordinary purpose for which such motor vehicles are purchased.

12.     Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants.  Specifically, the Defendants impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C.     Express Warranties

13.     In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the FLAIR, occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the FLAIR had, in fact, repaired the defects.

14.     Plaintiff's purchase of the FLAIR was  accompanied by express warranties offered by the Defendants, REV GROUP and HOLLAND, and extending to Plaintiff.  These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the FLAIR.

15.     The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship.  Any required adjustments would also be made during the basic coverage period.  All warranty repairs and adjustments, including parts and labor, were to be made at no charge.  Additional warranties were set forth in the REV GROUP's warranty booklet and owners manual.  Also, the Defendant, REV GROUP, continued to agree to extended its express warranty with the Plaintiff to cover defects that were discovered and tendered for repairs during the original factory warranty.

-4-

**D.    Actionable Conduct**

16.    In fact, when delivered, the FLAIR was defective in materials and workmanship, with such defects being discovered within the warranty periods.  Many defective conditions have occurred since purchase, including, but not limited to:

**A.    AIR CONDITION DEFECTS;**

**B.    PLUMBING DEFECTS;**

**C.    CABLE DEFECTS;**

**D.    FURNITURE DEFECTS;**

**E.    EXTERIOR FINISHING DEFECTS; AND**

**F.    ANY OTHER DEFECTS OR NONCONFORMITIES OUTLINED ON REPAIR ORDERS.**

17.    Since purchase, Plaintiff has returned his FLAIR to the Defendants and its authorized warranty service dealers for repairs on numerous occasions.  Despite this prolonged period during which Defendants were given the opportunity to repair the FLAIR, the more significant and dangerous defects were not repaired.  Defendants failed to repair the subject vehicle so as to bring it into conformity with the warranties set forth herein.  From the date of its purchase, the FLAIR, continues to this day to exhibit some or all of the non-conformities and/or defects described herein.

18.    The defects experienced by Plaintiff with the FLAIR substantially impaired its use, value and safety.

19.     Plaintiff directly notified the Defendants of the defective conditions of the FLAIR on numerous occasions.  Plaintiff notified Defendants, REV GROUP and HOLLAND, that they wanted a rescission of the sale of the FLAIR but the Defendants have failed and refused to buy back

-5-

Plaintiff's defective FLAIR.

## VI.    Causes of Action

**COUNT 1:  VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT,
CIVIL CODE SECTION 1790 ET SEQ.**

20.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

21.    The FLAIR is a consumer good as defined under the Song-Beverly Consumer Warranty Act.

22.    Plaintiff is a "purchaser" of consumer goods as defined under the Song-Beverly Consumer Warranty Act.

23.    Defendant, REV GROUP, is a "manufacturer" and "distributor" as defined under the Song-Beverly Consumer Warranty Act.

24.    The sale of the vehicle to Plaintiff was accompanied by an express written warranty.

25.    The serious non-conformities have manifested themselves within the applicable express warranty period. The non-conformities substantially impair the use, value and or safety of the vehicle and or can cause serious bodily injury or death.

26.    Plaintiff brought his FLAIR to HOLLAND, an authorized repair facility, for repairs on numerous occasions in attempts to have the existing express warranties satisfied.

27.    Defendants have not repaired the nonconformities after a reasonable number of attempts and, as such, have failed to comply with and have breached all applicable warranty requirements.

28.    Further, the sale of the FLAIR to Plaintiff was accompanied by implied warranties

-6-

that the vehicle was merchantable and fit for a particular use.

29.     Defendants have breached the implied warranties of merchantability and fitness for a particular use because the vehicle when sold would not pass without objection in the trade.

30.     Despite their breach of the express and implied warranties, Defendants have refused Plaintiff' demand for a refund or replacement.

31.     By failure of Defendants to remedy the defects as alleged above, or to issue a refund or replacement, Defendants are in breach of their obligations under the Song-Beverly Consumer Warranty Act.

32.     Defendants' continuing breach of their obligations as set forth herein is willful pursuant to the Song-Beverly Consumer Warranty Act and as such, Defendants and each of them are liable to Plaintiff for civil penalties in an amount as set forth below.

33.     Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails.  As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton.  Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2:    VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

34.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

35.     Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

-7-

36.     Defendants, REV GROUP and HOLLAND, are "suppliers" and "warrantors" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

37.     The FLAIR is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

38.     The express warranties more fully described herein above pertaining to the FLAIR, is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

39.     The actions of the Defendants as herein above described, in failing to tender the FLAIR to Plaintiff free of defects and/or refusing to repair and/or replace the defective FLAIR tendered to Plaintiff constitute a breach of the written and implied warranties covering the FLAIR and hence a violation of the Magnuson-Moss Warranty Act.

40.     Plaintiff has performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

41.     As a direct and proximate result of the acts and omissions of Defendants and each of them as set forth herein above, Plaintiff has been damaged herein above in an amount in excess of $300,000.00 according to proof at trial.

41.     Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.  As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of

Richard C. Dalton.  Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## COUNT 3: LENDER LIABILITY

42.    Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

43.    Plaintiff is indebted to BANK OF AMERICA as a result of their purchase of the FLAIR.  Plaintiff is entitled to assert all claims and defenses stated above against BANK OF AMERICA as a defense to the debt.

## COUNT 4:    BREACH OF EXPRESS WARRANTIES

44.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

45.    Th Defendants' advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiff' FLAIR or those similarly situated were free from inherent risk of failure or latent defects.  In addition, the Defendants issued an expressed written warranty which covered the FLAIR and warranted that the FLAIR, was free of defects in materials and work quality at the time of delivery.

46.    As alleged above, the Defendants breached its warranties by offering for sale and selling as safe to Plaintiff a FLAIR that was latently defective, unsafe, and likely to cause economic loss to Plaintiff.

47.    In breach of the foregoing warranties, the Defendants have failed to correct said defects.

48.    The damages Plaintiff has suffered are a direct and proximate result of Defendants'

actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

## COUNT 5:    BREACH OF IMPLIED WARRANTIES

49.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

50.    The Defendants impliedly warranted that Plaintiff' FLAIR which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

51.    Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendants is unreasonable and unconscionable and void under the principles of estoppel, because Defendants knew the defects existed and might not be discovered, if at all, until the FLAIR, had been driven for a period longer than the period of the written warranty, and Defendants willfully withheld information about the defects from Plaintiff.

52.    Because of the defects, Plaintiff's FLAIR is unsafe and unfit for use and has caused economic loss to the Plaintiff.   Therefore, the Defendants breached the implied warranty of merchantability.

53.    The damages Plaintiff has suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

-10-

1

**COUNT 6:    NEGLIGENCE AND NEGLIGENT MISREPRESENTATION**

2

3

54.    Plaintiff re-alleges and incorporates by reference herein each and every allegation set

4

forth in the preceding paragraphs.

5

55.    The Defendants had a duty to Plaintiff to provide a product reasonably safe in design

6

and manufacture, warn of dangerous defects, disclose adverse material facts when making

7

representations of fact to Plaintiff and correct products which are defective.

8

9

56.    The Defendants breached their duty of reasonably care and duty to disclose material

10

adverse facts to Plaintiff by the following acts and omissions:

11

12

        a.    Failure to design and manufacture a  FLAIR  that did not harbor the defects
            alleged herein;

13

14

        b.    Failure to notify Plaintiff of the dangerous and defective condition of the
            FLAIR when Defendants knew or should have known of the dangerous and
            defective condition;

15

16

        c.    Failure to fulfill its duty to disclose the material adverse facts as set forth
            above and otherwise failing to exercise due care under the circumstances; and

17

18

        d.    Failure to repair the FLAIR  in accordance with the express and implied
            warranties.

19

20

57.    The damages Plaintiff has suffered are a direct and proximate result of Defendants'

21

actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of

22

repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages;

23

loss of use; damages; and attorney fees.

24

**COUNT 7:    BREACH OF CONTRACT**

25

26

58.    Plaintiff re-alleges and incorporates herein by reference each and every allegation set

27

forth in the preceding paragraphs.

28

-11-

59.     Plaintiff would show that the actions and/or omissions of Defendants described herein above constitute breach of the sales contract, which proximately caused the direct and consequential damages to Plaintiff described herein below, and for which Plaintiff hereby sues.

60.     The damages Plaintiff has suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

## COUNT 8:    NEGLIGENT REPAIR

61.     Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.

62.     On numerous occasions, Plaintiff delivered the FLAIR to Defendants for repairs of the defective conditions covered under the express and implied warranties set forth hereinabove.

63.     On each occasion that Plaintiff returned the FLAIR for repairs, Plaintiff is informed and believe, and thereupon allege, that Defendants attempted repairs of the FLAIR pursuant to their obligations under the express and implied warranties. Defendants owed a duty of care to Plaintiff to perform repairs on the FLAIR in a good and workmanlike manner within a reasonable time. These Defendants breached this duty.

64.     Defendants' attempted repairs of Plaintiff' FLAIR were done so negligently, carelessly, and recklessly as to substantially impair the FLAIR 's use, value, and safety in its operation and use.  At no repair attempt was Plaintiff' FLAIR fully and completely repaired by Defendants, nor were many of the conditions of which Plaintiff complained fixed or significantly improved by Defendants' attempts at repair.  Nonetheless, each time Plaintiff picked up the vehicle

-12-

after Defendants' repair attempts, Defendants represented to Plaintiff that the repairs were complete, and Plaintiff relied thereon.

65.    As a direct and proximate result of Defendants' negligent failure to repair the FLAIR within a reasonable time or within a reasonable number of attempts, Plaintiff were forced to drive a defective and dangerous FLAIR  in conducting their daily activities.  As a further direct and proximate result of Defendants' failure to repair the FLAIR  in a timely and workmanlike fashion, Plaintiff were forced repeatedly to take the FLAIR  in for further repair attempts and to leave the FLAIR  for long periods of time at great inconvenience to themselves, and Plaintiff sustained actual damages.

66.    The damages Plaintiff has suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; attorney fees and damages to Plaintiff's health and well-being in the form of emotional distress.

## VII.    Economic and Actual Damages

67.    Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described herein above:

    a..    Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

    b.    Loss of use;

    c.    Loss of the "benefit of the bargain";

    d.    Diminished or reduced market value; and

-13-

e.    Costs of repairs.

## VIII.    Multiple and Punitive Damages

68.    The Defendants' conduct  in violation of the Song-Beverly Consumer Warranty Act, Civil Code Section 1794, et seq, entitle Plaintiff to an award for civil penalties and multiple damages.

69.    Plaintiff has rightfully rejected or justifiably revoked acceptance of the goods and/or has exercised his right to cancel the sale pursuant to Sections 2711, 2712, and 2713 of the Commercial Code.

70.    Plaintiff had previously accepted the goods, and, therefore, Sections 2714 and 2715 of the Commercial Code shall apply, and the measure of damages shall include the cost of repairs necessary to make the goods conform.

71.    The Defendants' failure to comply was willful and, therefore, the judgment should include, in addition to the amounts recovered, a civil penalty which shall not exceed two times the amount of actual damages.

## IX.    Request for Rescission

72.    Plaintiff seeks the remedy of rescission of the sales contract which is requested in the following paragraph.

73.    Plaintiff revokes his acceptance of the FLAIR for the reason that its defects substantially impair its value to Plaintiff and acceptance was based on Plaintiff' reasonable reliance on the false representations and warranties of Defendants that the defects in FLAIR would be repaired.  Accordingly, Plaintiff seeks a cancellation of the purchase transaction and an order of the court restoring to them the money obtained by Defendants as a result of the false representations and

breaches of warranty set forth above.  Plaintiff also seeks cancellation of the debt and now offers to return the FLAIR to Defendants.

### X.    Attorney Fees and Costs

74.    Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.  As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton.  Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

### XI.    Prayer

75.    For these reasons, Plaintiff prays for judgment against the Defendants for the following:

a.    For general, special and actual damages according to proof at trial;

b.    Rescinding the sale of the 2021 FLEETWOOD FLAIR 28A bearing VIN: 1F64F5DN9M0A02132 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c.    For incidental and consequential damages according to proof at trial;

d.    Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

e.    Any diminution in value of the FLAIR, attributable to the defects;

f.    Past and future economic losses;

g.    Prejudgment and post-judgment interest;

h.    Damages for loss of use of vehicle;

-15-

i.      Civil Penalties and/or Punitive damages;

j.      Damages for mental anguish;

k.      Attorney fees;

l.      Costs of suit, expert fees and litigation expenses; and

m      All other relief this Honorable Court deems appropriate.

## XII.    Demand for Jury Trial

76.    Plaintiff hereby demands a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdaltonlaw.com
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFF